IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CENTORIA DEW, | ) | |
| CECILE EVANS, | ) | |
| individually and on behalf | ) | |
| of their minor children | ) | |
| EDDIE JONES, | ) | |
| SHAIANA EVANS, | ) | |
| and EDDONISHIA JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 07 C 0981 |
| | ) | |
| CITY OF CHICAGO, | ) | Hon. Judge Darrah |
| a municipal corporation, | ) | |
| DANIEL O'TOOLE, | ) | Hon. Mag. Judge Nolan |
| Star Number 15346, | ) | |
| SEAN DAILEY, | ) | |
| Star Number 10890, | ) | |
| FRANK MACK, | ) | |
| Star Number 19804, | ) | |
| JERRY PENTIMONE, | ) | |
| Star Number 6054, | ) | |
| MICHAEL NAPOLI, | ) | |
| Star Number 9560, | ) | |
| ANTONIO ONTIVEROS, | ) | |
| Star Number 10990, | ) | |
| MARVIN BONNSTETTER, | ) | |
| Star Number 15963, | ) | |
| WILLIAM BENTACOURT, | ) | |
| Star Number 19953, | ) | |
| SALVATORE REINA, | ) | |
| Star Number 2662, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Jurisdiction/Venue

1

1. This incident occurred on May 15, 2006, in the City of Chicago, Cook County, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

Parties

3. At all relevant times pertaining to this occurrence, Plaintiffs Centoria Dew and Cecile Evans were living together in their home in Chicago, Illinois with their mutual biological child, Shiana Evans (D.O.B. 5-8-02), and the biological children of Plaintiff Dew, Eddie Jones (D.O.B. 2-6-98) and Eddonishia Jones (D.O.B. 2-21-94).

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of the Defendants O'Toole, Dailey, Mack, Pentimore, Napoli, Ontiveros, Bonnstetter, Bentacourt, and Reina, who were acting under color of law and in the course and scope of their employment with the City of Chicago.

Facts

5. On or about May 16, 2006, Defendant Police Officers O'Toole, Dailey, Mack, Pentimore, Napoli, Ontiveros, Bonnstetter, Bentacourt, and Reina illegally and unlawfully entered the residence of the Plaintiffs, without their consent.

6. During this incident, one or more of the officer Defendants shoved Plaintiff Cecile Evans to the ground and handcuffed him, without legal justification, the proximate cause of which was the Plaintiff's damages. At the time, each Defendant had a reasonable opportunity to prevent any officer from taking such actions, but they nevertheless chose not to do so, the

proximate cause of which was the Plaintiff's damages.

7. During this incident, one or more of the Defendant Officers pointed their weapons at the Plaintiffs in an unreasonable manner and without lawful justification. At the time, each Defendant had a reasonable opportunity to prevent any officer from taking such actions, but each Defendant nevertheless chose not to do so, the proximate cause of which was the Plaintiffs' damages.

8. Alternatively and/or additionally, Defendant Reina was the "search team supervisor" and was acting in such capacity at the time of this occurrence. Reina had at least some personal involvement in the actions described in this First Amended Complaint in that he knowingly and/or with reckless indifference directed and/or consented to the actions described in the complaint, the proximate result was the Plaintiffs' damages.

9. As a result of the actions of the Defendant Police Officers, the Plaintiffs suffered pecuniary damage, a loss of freedom, humiliation, physical damage, as well as severe emotional distress.

COUNT I – 42 U.S.C. § 1983 – Illegal Search and Seizure/Failure to Prevent an Illegal Search and/or Seizure – Plaintiffs against Defendants O'Toole, Dailey, Mack, Pentimore, Napoli, Ontiveros, Bonnstetter, Bentacourt, and Reina.

10. Plaintiffs reallege what has previously been alleged in this Complaint.

11. In taking the actions described above, Defendants O'Toole, Dailey, Mack, Pentimore, Napoli, Ontiveros, Bonnstetter, Bentacourt, and Reina willfully and wantonly committed an illegal search and/or seizure of the Plaintiffs and/or their property, and/or willfully and wantonly failed to prevent such an illegal search and/or seizure when each had the opportunity to do so, the proximate cause of which was the Plaintiffs' emotional and pecuniary

3

damages.

WHEREFORE, Plaintiffs demand compensatory damages against Defendants O'Toole, Dailey, Mack, Pentimore, Napoli, Ontiveros, Bonnstetter, Bentacourt, and Reina, plus punitive damages, plus the costs of this action, and any such other and additional relief as this court deems equitable and just.

COUNT II – 42 U.S.C. § 1983– Excessive Force/Failure to Prevent the Use of Excessive Force – Plaintiffs against Defendants O'Toole, Dailey, Mack, Pentimore, Napoli, Ontiveros, Bonnstetter, Bentacourt, and Reina

12. Plaintiffs reallege what has previously been alleged in this Complaint.

13. In taking the actions described above, Defendants O'Toole, Dailey, Mack, Pentimore, Napoli, Ontiveros, Bonnstetter, Bentacourt, and Reina willfully and wantonly used excessive force on the Plaintiffs and/or willfully and wantonly failed to prevent such excessive force when each had the opportunity to do so, the proximate cause of which was the Plaintiffs' physical, emotional and pecuniary damages.

WHEREFORE, Plaintiffs demand compensatory damages against Defendants O'Toole, Dailey, Mack, Pentimore, Napoli, Ontiveros, Bonnstetter, Bentacourt, and Reina, plus punitive damages, plus the costs of this action, and any such other and additional relief as this court deems equitable and just.

COUNT III – 42 U.S.C. § 1983 – Supervisor Liability – Plaintiffs against Reina

14. Plaintiffs reallege what has previously been alleged in this Complaint.

15. In taking the actions described above, Defendant Reina was the "search team supervisor" and was acting in such capacity at the time of this occurrence. Reina had at least

some personal involvement in the actions described in this complaint in that he knowingly and/or with reckless indifference directed and/or consented to the actions described in the complaint, the proximate result was the Plaintiffs' damages., the proximate cause of which was the Plaintiffs' physical, emotional and pecuniary damages.

WHEREFORE, Plaintiffs demand compensatory damages against Defendant Reina, plus punitive damages, plus the costs of this action, and any such other and additional relief as this court deems equitable and just.

COUNT IV – Plaintiffs against the City of Chicago (Indemnification)

16. Plaintiffs reallege what has been previously alleged in this Complaint.

17. Defendant City of Chicago is the indemnifying entity for the actions, described above, of Defendant O'Toole, Dailey, Mack, Pentimore, Napoli, Ontiveros, Bonnstetter, Bentacourt, and Reina, who took their actions while acting under color of law and in the course and scope of their employment with the City of Chicago.

WHEREFORE, should Defendant O'Toole, Dailey, Mack, Pentimore, Napoli, Ontiveros, Bonnstetter, Bentacourt, and Reina be found liable on one or more of the claims set forth above, Plaintiffs demand that Defendant City of Chicago be found liable for any judgment (other than punitive damages) they obtain thereon.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

    Respectfully submitted,

    By s/ Richard Dvorak
    _____
    Richard Dvorak,
    One of the Attorneys for the Plaintiffs.

Richard Dvorak
Dvorak & Toppel
3859 W. 26th Street
Chicago, IL 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)